Center for Disability Access
Amanda Seabock, Esq., SBN 289900
Dennis Jay Price, II, Esq., SBN 279082
100 Pine St., Ste 1250
San Francisco, CA 94111
Tel: (858) 375-7385; Fax:(888) 422-5191
Email: Amandas@potterhandy.com
Attorneys for Plaintiff

Christopher K. Eley, Esq., SBN 90897
221 Tuxedo Court, Suite E
Stockton, CA 95204
Tel: (209) 466-8511; Fax: (209) 466-6340
Email: celevlaw@gmail.com
Attorney for Defendant DIGGLER and WAD, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson,**<br><br>    Plaintiff,<br><br>v.<br><br>**Diggler & Wad, L.L.C.,** a California Limited Liability Company; **Hyphy Smokers Club Inc.,** a California Corporation; and Does 1-10,<br><br>    Defendants. | Case No. 2:14-cv-02296-MCE-KJN<br><br>**CONSENT DECREE AND ORDER**<br><br>**Hon. Morrison C. England, Jr.**<br>**Hon. Kendall J. Newman** |

**TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:**

1. Plaintiff SCOTT JOHNSON, filed this action (known as Case No. 2:14-cv-02296-MCE-KJN) against Defendants seeking money damages and injunctive relief for, *inter alia*, violations of the Americans with Disabilities Act of 1990 (the "ADA"), Unruh Civil Rights Act and corresponding state law claims, as well as common law claims, in the United States District Court for the Eastern District of California on October 1, 2014. Dkt. 1.

2. Defendant Hyphy Smokers Club Inc. has been dismissed from this matter. Dkt. 15.

3. Plaintiff filed a motion for summary judgment against Defendant Diggler & Wad LLC on March 6, 2020, seeking money damages in the amount of $16,000 and an Order to make the parking, door hardware, transaction counter(s), and restroom(s) accessible.[1] Dkt. 22.

4. On March 25, 2020, Defendant filed a statement with the court accepting the $16,000 award against it. Dkt. 24.

Defendant and Plaintiff (collectively sometimes referred to herein as the "Parties" or separately as a "Party") wish to settle and hereby desire to enter into this Consent Decree. The Parties hereby enter into this Consent Decree and Order for the purpose of resolving the lawsuit without the need for protracted litigation, and without the admission of any liability by either Party whatsoever, including but not limited to liability as to the issues of damages and/or fees.

**JURISDICTION:**

5. Plaintiff asserts that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq., pursuant to supplemental jurisdiction under California's Unruh Civil Rights Act, and 28 U.S.C. §1331, §1343(a)(3) and (a)(4) and §1391(b).

6. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to entry of this Order to resolve all claims raised in the above-entitled Action. Accordingly, the Parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

///

///

///

---

[1] This is more fully set forth in Exhibit A, attached hereto.

**SETTLEMENT OF INJUNCTIVE RELIEF:**

7. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants and any other parties for damages, fees, and injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged, in the subject Complaint.

8. The Parties agree and stipulate that the corrective work will be performed in compliance with Exhibit "A" attached hereto

9. Timing of Injunctive Relief: Exhibit "A" also includes the estimated timeframe for completing the work described therein. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief within the timeframes specified, Defendants or their counsel will notify Plaintiff's counsel, in writing, within fifteen (15) days after discovering any such difficulties. Defendants, or their counsel, will promptly notify Plaintiff's counsel when the corrective work is complete, and in any case, will provide a status report on or before December 31, 2022.

**ISSUES RELATED TO DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS:**

10. Per the Response filed by Defendant and the Joint Motion for Relief, the defendant will pay to plaintiff the amount of $16,000 in full and complete settlement of all claims for damages and/or fees and costs of any kind whatsoever. This payment shall be made as follows: Defendant will pay to Plaintiff $1,500 per month, beginning August 15, 2022, and continuing on the 15th day of every month thereafter through February 15, 2023; Defendant shall make a final payment to Plaintiff of $1,000 on March 15, 2023. In the event a payment is not made timely, Plaintiff will notify counsel for Defendant via email. Defendant will have ten (10) days to cure. If Defendant fails to cure, the entire amount will be due immediately. Plaintiff reserves the right to seek all fees and costs related to the enforcement of this Consent Decree and Order.

**ENTIRE CONSENT ORDER:**

11. This Consent Decree and Order and Exhibit "A" to the Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing Parties on all matters and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

///
///
///
///
///
///
///
///
///

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

15. Electronic signatures may also bind the Parties and/or their representative(s) as set forth in all applicable Local Rules. The undersigned counsel for Plaintiff does hereby attest that all electronic signatures are affixed only with the express written permission of the signatory.

Respectfully Submitted,

Dated: July 27, 2022                           CENTER FOR DISABILITY ACCESS

                                               By:    /s/ Amanda Seabock
                                                      Amanda Seabock, Esq.
                                                      Attorney for Plaintiff

Dated:  July 27, 2022

                                               By:    /s/ Christopher K. Eley
                                                      Christopher K. Eley, Esq.
                                                      Attorney for Defendant
                                                      DIGGLER and WAD, LLC

**IT IS SO ORDERED.**

Dated:  August 9, 2022

                                               _____
                                               MORRISON C. ENGLAND, JR
                                               SENIOR UNITED STATES DISTRICT JUDGE